NATHANIEL M. FLOYD, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Floyd v. Commissioner
Docket No. 2861-93
United States Tax Court
T.C. Memo 1994-379; 1994 Tax Ct. Memo LEXIS 390; 68 T.C.M. (CCH) 363; 94-2 U.S. Tax Cas. (CCH) P47,941; August 15, 1994, Filed *390 Decision will be entered under Rule 155. For petitioner: Herbert Adler (especially recognized). For respondent: Gregory Nickerson. HAMBLEN
HAMBLEN
MEMORANDUM OPINION HAMBLEN, Chief Judge: By statutory notice of deficiency dated November 12, 1992, respondent determined a deficiency of $ 10,111 in petitioner's 1989 Federal income tax. Respondent further determined additions to the tax for both a failure to file an individual tax return under section 6651(a) and a failure to pay the appropriate estimated tax under section 6654(a) in the amounts of $ 633 and $ 114.15, respectively. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the 1989 taxable year, and all Rule refereneces are to the Tax Court Rules of Practice and Procedure. Respondent now concedes that no deficiency and no additions to tax are due from petitioner for 1989, but petitioner seeks a refund for his overpayment of 1989 Federal individual income tax. The issue for decision is whether petitioner is entitled to refund or credit for an overpayment of his 1989 Federal individual income tax, or whether the statutorily imposed time limitations of sections 6511 and 6512 *391 preclude petitioner from obtaining any portion of his 1989 overpayment. Background
This case was submitted fully stipulated. The stipulation and attached exhibits are incorporated by this reference. Petitioner resided in New York, New York, at the time the petition was filed in this case. Petitioner paid $ 7,580 of withholding tax payments during the taxable year 1989. On November 12, 1992, respondent mailed to petitioner a timely statutory notice of deficiency for the taxable year 1989. As of November 12, 1992, petitioner had not filed an income tax return or a claim for refund for 1989. Petitioner filed his petition with this Court on February 9, 1993. Subsequently, on April 13, 1993, petitioner filed his Federal individual income tax return for the taxable year 1989. The parties now agree that petitioner's total income tax liability for the 1989 taxable year is $ 5,156. As a result of Federal income tax withholding from his wages, petitioner paid a total of $ 7,580 for the 1989 taxable year. Accordingly, petitioner overpaid his 1989 Federal individual income taxes by $ 2,424. Petitioner contends that he is entitled to a determination of an overpayment of his 1989 *392 Federal individual income tax, and that the overpayment should be refunded to him. Respondent contends that petitioner is not entitled to a determination of an overpayment because of the time limitations of sections 6511 and 6512. We hold that petitioner is not entitled to a determination of a tax overpayment, notwithstanding the fact that he actually overpaid his 1989 Federal individual income tax. Discussion
In general, section 6512(b)(1) grants this Court jurisdiction to determine the existence and amount of any overpayment of tax and requires overpayments to be credited or refunded to the taxpayer. [1] However, section 6512(b)(3) limits the amount of creditable or refundable overpayments by focusing on the time of payment of the portion of tax to be credited or refunded. ; , affd. without published opinion . In general, section 6512(b)(3) limits the amount of allowable credit or refund based on the date the tax was deemed paid, and the tax must *393 have been paid either after the mailing of the notice of deficiency or within certain periods of limitations for filing a claim for credit or refund. Section 6512(b)(3) provides in pertinent part as follows: (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency --
*394 In determining which subparagraph of section 6512(b)(3) applies, it is first necessary to decide the date or dates upon which petitioner paid or is deemed to have paid the subject taxes. The only Federal income taxes petitioner paid for the 1989 taxable year were the amounts withheld from his salary during 1989. Correlatively, pursuant to section 6513(b)(1), petitioner is deemed to have paid these taxes on April 15, 1990. [2]
Because none of petitioner's deemed payments were made after the mailing of the notice of deficiency, the time limitations of subparagraph (A) of section 6512(b)(3) are not applicable. Moreover, the time limitations of subparagraph (C) of section 6512(b)(3) *395 are not relevant because petitioner had not filed either a Federal individual income tax return for 1989 or a claim for credit or refund of any overpayment prior to the mailing of the notice of deficiency. Therefore, section 6512(b)(3)(B) governs the resolution of this case. ; , affd. . Pursuant to section 6512(b)(3)(B), a taxpayer is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. ; ; . If allowable, a refund or credit shall be made or allowed of any amounts that could have been refunded or credited under section 6511(b)(2), (c), or (d) with respect to such claim. Thus, in order to receive a refund of his 1989 tax payments, petitioner must show that his tax was paid within one of the time periods specified *396 in subsection (b)(2), (c), or (d) of section 6511, which are expressly incorporated by reference into section 6512(b)(3)(B). Subsections (c) and (d) of section 6511 impose rules for special situations and are inapplicable here. [3] Consequently, of the three provisions referred to in section 6512(b)(3)(B), the only one relevant in this case is subsection (b)(2) of section 6511. Section 6512(b)(3)(B), inter alia, cross-references section 6511(b)(2), which contains three subparagraphs, each providing what is commonly referred to as a "look-back" rule. [4] If subparagraph (A) of section 6511(b)(2) applies, then the credit or refund may not exceed the amount of tax paid during the period immediately *397 preceding the filing of the (deemed) claim, which is equal to 3 years plus the amount of extension of time for filing the return (hereinafter sometimes referred to as the 3-year look-back period). If subparagraph (B) of section 6511(b)(2) applies, then the refund or credit shall not exceed the amount of tax paid during the 2-year period immediately preceding the filing of the (deemed) claim (hereinafter sometimes referred to as the 2-year look-back period). Subparagraph (C) of section 6511(b)(2) is inapplicable here because it applies only when no claim is filed or deemed filed. . *398 As discussed above, petitioner's claim is deemed to have been filed on November 12, 1992, the date that the notice of deficiency was mailed. Sec. 6512(b)(3)(B). Petitioner is deemed to have paid the taxes his employer withheld from his wages during 1989 on April 15, 1990. Sec. 6513(b)(1). Therefore, petitioner is deemed to have paid his 1989 taxes more than 2 years but less than 3 years prior to the deemed filing of his claim for a refund. Accordingly, if the 3-year look-back period of subparagraph (A) of section 6511(b)(2) applies, petitioner is entitled to a refund of his overpayment of tax for 1989. However, if the 2-year look-back period of subparagraph (B) applies, the refund of petitioner's overpayment is time barred. The 3-year look-back period in section 6511(b)(2)(A) applies only if the claim was filed during the "3-year period prescribed in * * * [section 6511(a)]". Sec. 6511(b)(2)(A). Section 6511(a) provides that the 3-year look-back period will apply if the claim for credit or refund was filed or deemed "filed by the taxpayer within 3 years from the time the return was filed". (Emphasis added.) Since petitioner had not yet filed a 1989 tax return at *399 the time the claim for refund is deemed to have been filed (i.e., on the date the notice of deficiency was mailed), the 3-year look-back period does not apply, and the appropriate look-back period is the 2-year period prescribed by section 6511(b)(2)(B). ; ; ; . As before noted, pursuant to section 6512(b)(3)(B), petitioner is deemed to have filed a claim for credit or refund on November 12, 1992, the date the notice of deficiency was mailed. , ; . Accordingly, under the 2-year look-back period of section 6511(b)(2)(B), petitioner could be entitled to a refund of any payment in excess of his tax which was made on or after November 12, 1990. However, because section 6513(b)(1) *400 deems the tax withheld from petitioner's wages during 1989 to have been paid on April 15, 1990, no portion of the tax was paid during the 2-year look-back period. Consequently, we hold that petitioner is not entitled to a decision that he has an overpayment of his 1989 Federal income tax, and hence, no portion of the amounts withheld from petitioner's wages during 1989 may be refunded or credited. We have considered petitioner's other arguments and find them unpersuasive. The law is clear that where a taxpayer failed to file a tax return prior to the time the notice of deficiency was mailed, the taxpayer's credit or refund is limited to those taxes paid within the 2 years prior to the mailing of the notice of deficiency pursuant to section 6511(b)(2)(B). ; ;, ; . Petitioner made no tax payments during the 2-year period preceding the date the statutory notice of deficiency was mailed, and *401 he is barred by section 6511(b)(2)(B) from obtaining any portion of his 1989 overpayment. Although this result may seem harsh, it follows directly from petitioner's failure, through his own neglect, to fulfill his obligation to file a timely return or otherwise to exercise his rights within the statutorily mandated time period. If petitioner had timely filed his 1989 Federal income tax return, as required by law, he would have been entitled to obtain a credit or refund of the overpayment in this case because the 3-year look-back rule would have applied. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Sec. 6512(b)(1) provides in relevant part: (1) Jurisdiction to determine. -- Except as provided by paragraph (3) * * *, if the Tax Court finds that there is * * * a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.↩
2. Sec. 6513(b)(1) provides in pertinent part: (1) Any tax actually deducted and withheld at the source during any calendar year * * * shall, * * * be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.↩
3. Subsec. (c) of sec. 6511 provides special rules for cases in which the period for tax assessment has been extended by agreement. Subsec. (d) of sec. 6511 provides six special rules applicable when certain income tax items are involved, e.g., net operating loss carrybacks, bad debts, worthless securities, or foreign tax credits.↩
4. Sec. 6511(b)(2) provides in relevant part: (2) Limit on amount of credit or refund. -- (A) Limit where claim not filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.↩